UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19-cv-272-RJC

| | |
|---|---|
| WANDA G. SELLERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 7), Plaintiff's Memorandum in Support, (Doc. No. 8), Defendant's Motion for Summary Judgment, (Doc. No. 9), Defendant's Memorandum in Support, (Doc. No. 10), and Plaintiff's Reply to Defendant's Motion, (Doc. No. 11).

## I. BACKGROUND

### A. Procedural Background

Plaintiff Wanda G. Sellers ("Plaintiff") seeks judicial review of Andrew M. Saul's ("Defendant" or "Commissioner") denial of her social security claim. (Doc. No. 1). On January 6, 2019, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405 et seq. (Doc. No. 8 at 1.) Plaintiff alleged an inability to work starting on January 3, 2016 due to HBP, fibromyalgia, rheumatoid arthritis, knee replacements, left foot and ankle pain, hypothyroid, osteoarthritis, chronic sinus

1

issues with three surgeries, depression, and HBP related vision problems. (Id.; Social Security Administrative Transcript ("AT", or "Doc. No. 6") at 68–69.) The Commissioner denied Plaintiff's application initially on October 12, 2016, and again after reconsideration on December 20, 2016. (Id. at 89, 107.)

On July 20, 2018, Plaintiff appeared at a hearing before an Administrative Law Judge ("ALJ"). (Id. at 40–68.) The ALJ issued a decision on October 23, 2018, denying Plaintiff's claims. (Id. at 17–34.) On July 26, 2019, the Appeals Council denied Plaintiff's request for review. (Id. at 1–3). Therefore, the October 23, 2018 ALJ decision became the final decision of the Commissioner.

Plaintiff's Complaint seeking judicial review and a remand of her case was filed in this Court on September 23, 2019. (Doc. No. 1). Plaintiff's Motion for Summary Judgment, (Doc. No. 7), and Plaintiff's Memorandum in Support, (Doc. No. 8), were filed February 10, 2020; and Defendant's Motion for Summary Judgment, (Doc. No. 9), and Defendant's Memorandum in Support, (Doc. No. 10), were filed on April 9, 2020. The pending motions are ripe for disposition.

B.     Factual Background

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between January 3, 2016, and the date of his decision on October 3, 2018.[1] (Doc. No. 6-1 at

---

[1] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir.

2

17.) To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The ALJ concluded that Plaintiff was not under a disability at any time from January 3, 2016, through the date of his decision on October 23, 2018. (Doc. No. 6-1 at 33).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity—if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509—if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1 and meets the duration requirement—if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform his or her past relevant work—if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he or she can make an adjustment to other work—if yes, not disabled.

See 20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fourth

---

1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

step that Plaintiff was not disabled. (Doc. No. 6-1 at 33.)

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since January 3, 2016, the alleged disability onset date. (Id. at 19.) At the second step, the ALJ found that Plaintiff had the following severe impairments: "hypertension, obesity, fibromyalgia, degenerative joint disease of the hips, and degenerative joint disease of the knees." (Id.) At the third step, the ALJ determined that Plaintiff did not have an "impairment or combination of impairments that meet or medically equal one of the impairments listed in 20 CFR 404, Subpart P, Appendix 1." (Id. at 23.)

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform "sedentary" work. (Id. at 24–33). Specifically, the ALJ found that Plaintiff retained the RFC to perform as follows:

> sedentary work as defined in 20 CFR 404.1567(a) except the claimant could lift and/or carry 10 pounds occasionally and 5 pounds frequently, stand and walk 2 hours of an 8-hour day and sit for 6 hours of an 8-hour day; never climb a ladder/rope/scaffold and perform occasional balancing, stooping, kneeling, crouching, crawling, and climbing a ramp or stairs. The claimant should avoid concentrated exposure to workplace hazards such as unprotected heights and moving machinery, as well as avoid concentrated exposure to extreme cold or extreme heat.

(Id. at 24.) In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3p. I have also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527." (Id.) Plaintiff

4

has objected to the ALJ's RFC determination. (Doc. No. 8 at 5.)

At the fourth step, the ALJ found that Plaintiff could perform her past relevant work as a 911 dispatcher (DOT#379.362-018), because the work did not require the performance of work-related activities precluded by Plaintiff's RFC. (Id. at 33.) Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between January 3, 2016, and the date of his decision on October 23, 2018. (Id.)

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind

5

might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

On appeal to this Court, Plaintiff argues that the ALJ erred as a matter of law in denying her claims on two grounds. Plaintiff argues that the ALJ's RFC determination was not supported by substantial evidence, because: (1) "he failed to properly weigh the opinion of consulting psychologist, Steven E. French, PsyD," and (2) "after finding that Plaintiff has mild limitations in her ability to concentrate, persist, or maintain pace, the ALJ provided for no limitations in Plaintiff's RFC and failed to provide an adequate explanation why." (Doc. No. 8 at 5.) The Court reviews each of these in turn.

A. <u>Whether the ALJ Properly Weighed Steven E. French, PsyD's Opinion</u>

Plaintiff first argues that the ALJ failed to properly weigh the opinion of consulting psychologist, Steven E. French, PsyD. (Id. at 5–10.) Specifically, Plaintiff argues that the ALJ's reasons for assigning "little weight" to Dr. French's opinion that Plaintiff had a "limited ability to concentrate" did not comport with the regulations or law of the Fourth Circuit. (Id. at 6.) First, Plaintiff argues, the ALJ acknowledged that Dr. French is a psychology specialist who had examined Plaintiff, but failed to acknowledge that the examination supported Dr. French's opinion when it revealed Plaintiff's difficulties in math and concentration. (Id. at 7.) Second, Plaintiff argues that Dr. French's opinion was supported by other record evidence, and specifically evidence that Plaintiff did not remember her own medical history and treatments. (Id. at 8.) Third, Plaintiff argues that the ALJ minimized the impairments that Dr. French identified and omitted certain limitations, thereby mischaracterizing evidence. (Id. at 8–9.) On the whole, Plaintiff argues, the ALJ did not point to anything in the record contradicting Dr. French's opinion, yet failed to provide a sufficient explanation for the weight he gave the opinion. (Id. at 9.)

Not only must an ALJ indicate the weight given a medical opinion, he must also provide an explanation for the weight given. <u>Arnold v. Sec'y of Health, Ed. & Welfare</u>, 567 F.2d 258, 259 (4th Cir. 1977). However, to the extent that Plaintiff argues the ALJ should have given Dr. French's opinion more weight as a treating source, this argument is without merit. The regulations provide that more weight will be given to "medical opinions" from "treating sources," 20 C.F.R. §

7

404.1527(c)(2), but defines a "treating source" as an "available medical source" with whom the claimant has or had an ongoing treatment relationship. Id. § 404.1527(a)(1)–(2). The ALJ noted that Dr. French had "no treating relationship" with the Plaintiff, having treated her only one time, (Doc. No. 6-1 at 32), and therefore the ALJ did not provide Dr. French's opinion elevated weight. The ALJ explained that Dr. French had not viewed the entire record and had only observed the Plaintiff one time in a clinical setting; therefore the ALJ only weighed his findings and statements in light of the entire record. The ALJ did not err in treating the opinion of Dr. French, as a non-treating source without review of the entire record, to reduced weight.

As to the remainder of Plaintiff's argument regarding Dr. French, the ALJ noted that Dr. French relayed Plaintiff's immediate retention and recall as "somewhat" compromised, but that her recent and remote memory stores as "adequate." (Doc. No. 6-1 at 32.) He described her as being able to perform simple math, that her fund of information was adequate, and that her thinking, judgment, and insight were all appropriate. (Id.) The ALJ noted that the Plaintiff's treatment history had been conservative, devoid of outpatient care with a mental health professional, and that Plaintiff's medical records from January 2016 to June 2016 consistently reported normal findings, including with regard to judgment, mood, remote and recent memory, alertness, and orientation. (Id.) It is true that the ALJ neglected to note specifically Dr. French's observation that Plaintiff had "limited ability to concentrate" during their session together. (Id. at 429.) However, given

8

that the ALJ has separately found Plaintiff to have a mild impairment in concentrating, and also explained why he assigned Dr. French's opinion diminished weight, and given that the ALJ determined Plaintiff's medical history not to be aligned with Dr. French's conclusions, this particular omission was a harmless error. This Court finds no reversable mistake in the ALJ's treatment of Dr. French's opinion, and Plaintiff's objection is overruled.

> B. Whether the ALJ Errored by Providing No Limitations in Plaintiff's RFC Without Adequate Explanation

Plaintiff's second argument is that the ALJ's RFC determination is not supported by substantial evidence because, despite finding that Plaintiff has mild limitations in her ability to concentrate, persist, or maintain pace, the ALJ provided no limitations in her RFC and failed to provide an adequate explanation for the lack of limitations. (Doc. No. 8 at 10.) Plaintiff argues that Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015) requires the Commissioner to explain why mild mental health impairments, such as those that limit Plaintiff's ability to concentrate and force her to perform tasks "slowly," do not translate into work-related limitations. (Id. at 10–11.) Plaintiff further argues that when the ALJ's RFC analysis and hypothetical to the vocational expert are insufficient to address such limitations, the Court cannot meaningfully review the RFC determination and must remand the case. (Id. at 11.) Defendant argues in response that because these limitations are mild rather than moderate, the Mascio requirements are not triggered. (Doc. No. 10 at 6.) Further, Defendant argues that the ALJ did sufficiently discuss his findings with regard to

9

Plaintiff's depression and Dr. French's psychological evaluation along with the evidentiary record. (Id. at 6–7.)

Here, the ALJ found that Plaintiff has a "mild limitation" in the functional area of "concentrating, persisting, or maintaining pace." (Doc. No. 6-1 at 22.) When considering Plaintiff's RFC, however, the ALJ does not weigh this mild limitation. (Doc. No. 6-1 at 24–33.) The ALJ does discuss Plaintiff's mental state generally, and finds medical record and medical expert testimony evidence that Plaintiff is mostly hindered by physical conditions rather than mental ones. (Id. at 30.) However, the ALJ does not specifically explain how his finding that the Plaintiff had a "mild limitation" in "concentrating, persisting, or maintaining pace" comported with the ALJ's later RFC assessment. The ALJ then declined to ask the vocational expert about this mild limitation. (Id. at 65–68.)

Nonetheless, the case at hand differs from Mascio, because Mascio involved moderate restrictions in concentration, persistence, or pace, while the Plaintiff in the case before us instead has mild such restrictions. Mascio, 780 F.3d at 638. This court has repeatedly found that Mascio's holding does not extend to all mental restrictions.[2] See, e.g., Williams v. Berryhill, No. 3:17-CV-00467-RJC, 2018 WL 4705557, at *3 (W.D.N.C. Sept. 29, 2018); Barnes v. Berryhill, No. 5:17-CV-00052-

---

2 There is a split of views amongst district courts regarding this issue. See, e.g., Reinhardt v. Colvin, No. 3:14-CV-00488-MOC, 2015 WL 1756480, at *3 (W.D.N.C. Apr. 17, 2015) (finding that the ALJ failed to provide a detailed assessment of the plaintiff's mild mental limitations in the body of the RFC discussion); Ashcraft v. Colvin, No. 313CV00417RLVDCK, 2015 WL 9304561, at *6 (W.D.N.C. Dec. 21, 2015).

RJC-DCK, 2018 WL 1004746, at *1 (W.D.N.C. Feb. 21, 2018); Brooks v. Berryhill, No. 3:15-CV-00440-RJC, 2017 WL 1196449, at *4 (W.D.N.C. Mar. 29, 2017) (holding that "Mascio dealt with 'moderate' restrictions and did not hold that all restrictions, including mild restrictions, be explicitly discussed in terms of RFC."). See also Gilbert v. Berryhill, No. 5:16-CV-00100-MOC, 2017 WL 1196452, at *3 (W.D.N.C. Mar. 29, 2017) (finding that Mascio did not apply to cases of mild difficulties). The Court finds the ALJ's RFC analysis sufficient due to Plaintiff's mild limitation, and declines to remand the case on the basis of Mascio. Plaintiff's second and only remaining objection is overruled.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 7), is **DENIED**;

2. Defendant's Motion for Summary Judgment, (Doc. No. 9), is **GRANTED**; and

3. The Clerk of Court is directed to close this case.

Signed: March 26, 2021

Robert J. Conrad, Jr.
United States District Judge